**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| RIBELINO B. BARAHONA JOVEL, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. 1:26-cv-02357-PX |
| MARKWAYNE MULLIN *et al.*, | * | |
| Respondents. | * | |
| | *** | |

**MEMORANDUM ORDER**

Pending is Petitioner Ribelino B. Barahona Jovel ("Jovel")'s Petition for a Writ of Habeas Corpus and Motion for Temporary Restraining Order. ECF Nos. 1 & 2. After full briefing and a hearing on the merits, the Petition is granted and Jovel is ordered released on the previous Order of Supervision ("OSUP").

Jovel is a citizen of El Salvador who came to the United States in 2017. ECF No. 1 ¶ 1. In 2024, an Immigration Judge ("IJ") granted him withholding of removal from El Salvador and he was then released on OSUP. *Id.* Since his release on OSUP, Jovel has reported as directed without incident. *Id.* ¶ 14. He has no criminal history, is nearly fifty years old, and suffers from high blood pressure. *Id.* ¶¶ 8, 15.

On June 12, 2026, Jovel reported to the Baltimore Immigration and Customs Enforcement ("ICE") Field Office as directed. ECF No. 1 ¶ 14. Without warning, ICE took Jovel into custody and revoked his release. *Id.* The same day, ICE prepared a Form I-205 Warrant of Removal

1

purportedly signed by Acting Field Office Director, Vernon Liggins (ECF No. 11-1).[1]  ICE also memorialized the revocation of Jovel's release in a "Notice of Custody Determination" dated the same day at **2:42 PM** and signed by Officer "Young" (ECF No. 11-2).  ICE also issued a "Notice of Revocation of Release" pursuant to 8 C.F.R. § 241.4(*l*), executed two hours later, at **4:10 PM** (ECF No. 11-3); and an "Alien Informal Interview" which purports to memorialize Jovel's opportunity to contest his detention, but includes no substantive information. ECF No. 11-4.

Four days later, ICE prepared a Notice of Removal which states that ICE "intends to remove [Jovel] to Mexico."  ECF No. 11-5.  Nothing in the record suggests that Mexico has approved Jovel for admission or that ICE has done anything since detaining Jovel to effectuate his removal, to include giving him any meaningful opportunity to express credible fear of removal to that third country.

In his Petition and TRO, Jovel seeks immediate release from detention on several grounds. He succeeds on the due process claim and the companion contention that ICE did not follow its own regulations to provide notice and opportunity to be heard, thus violating the *Accardi* doctrine as announced in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The *Accardi* doctrine provides that where an agency fails "to afford an individual procedural safeguards required under its own regulations," the agency action may be invalidated upon a showing of "prejudice resulting from the violation."  *United States v. Morgan*, 193 F.3d 252, 266–67 (4th Cir. 1999); *United States ex rel. Accardi*, 347 U.S. at 268.  Prejudice is "presume[d]" however, where "an entire procedural framework, designed to insure the fair processing of an action affecting an individual is created but then not followed by an agency." *Delgado-Corea v. Immigr. & Naturalization Serv.*, 804 F.2d 261, 263 (4th Cir. 1986).

---

[1] The Court questions whether Liggins even signed this document because the signature appears identical to that of Officer Young. *Compare* ECF No. 11-1 *with* ECF No. 11-2.

8 C.F.R. § 241.4(*l*) requires that revocation of a noncitizen's release be approved by the ICE District Director, as delegated to the Field Office Director,[4] if the Field Office Director concludes that "revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." § 241.4(*l*)(2). The regulation also requires that ICE inform the noncitizen of the reasons for his detention and allow him to be heard upon revocation. *Id. See also Santamaria Orellana v. Baker*, No. CV 25-1788-TDC, 2025 WL 2444087, at \*6 (D. Md. Aug. 25, 2025). Respondents gave Jovel no such procedural protections.

The Notice of Revocation of Release is not signed by Acting Field Office Director Liggins, nor is there any indication that Liggins determined Jovel's revocation was in the public interest and that circumstances prevented referral to the Executive Associate Commissioner. ECF No. 11-3. ICE also failed to give Jovel any notice or opportunity to be heard in advance of his custody determination. Indeed, the "custody determination" is signed two hours *before* the "notice" stating the grounds for his purported release was even executed. *Compare* ECF No. 11-3 *with* 11-2. And the notice does not even indicate that it was provided to Jovel at all. ECF No. 11-4.

As for an opportunity to be heard in advance of detention, the "Alien Informal Interview" form offers no information, other than it was filled out by "interviewing officer Brandon Freund," who states that interviewed Jovel sometime during June 12. ECF No. 11-4. Nothing on the form, however, indicates when on the 12th, or for how long, in what language, or the substance of any conversation that Freund purported to have with Jovel. *Id.*

From this, the Court cannot conclude that ICE complied with its own regulations or offered Jovel a modicum of due process in advance of his detention. Accordingly, the Court joins the

---

[4] Separate regulatory authority confers to the ICE Director the power to delegate this determination to Field Office Directors, but not to lower ranked officers. *See, e.g., Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 161 (W.D.N.Y. 2025); *Santamaria Orellana v. Baker*, No. CV 25-1788-TDC, 2025 WL 2444087, at \*4 (D. Md. Aug. 25, 2025).

growing chorus of district courts that have concluded Respondents' failure to follow its own regulations concerning revocation of release violates the *Accardi* doctrine and the due process protections inherent within those regulations. *See, e.g.*, *Samahn v. Noem et al.*, No. 25-CV-25618, 2026 WL 911290, at *6 (S.D. Fla. Apr. 2, 2026); *Ahmed v. Olson*, No. CV 26-89-DLB, 2026 WL 836123, at *5 (E.D. Ky. Mar. 26, 2026); *Sombuoune Virachak* v. *Juan Baltazar et al.*, No. 26-CV-00391-STV, 2026 WL 746285, at *4–5 (D. Colo. Mar. 17, 2026); *Alcivar Lorenzo v. Raycraf*, No. 1:26-CV-77, 2026 WL 369349, at *6 (W.D. Mich. Feb. 10, 2026); *Rodriguez Romero v. Ladwig*, No. CV 25-1106-JWD-EWD, 2026 WL 321437, at *7–8 (M.D. La. Feb. 6, 2026); *Arman Kesheshian v. Kristi Noem et al.*, No. 5:25-CV-03478-MWC-DFM, 2025 WL 4227216, at *5 (C.D. Cal. Dec. 24, 2025); *N.A.L.R. v. Bondi*, No. 4:25-CV-00192-SEB-KMB, 2025 WL 2987239, at *2 (S.D. Ind. Oct. 23, 2025); *K.E.O. v. Woosley*, No. 4:25-CV-74-RGJ, 2025 WL 2553394, at *5 (W.D. Ky. Sept. 4, 2025).

Again, the Court reminds ICE it cannot revoke release unless it follows the "procedural framework designed to insure the fair processing of an action affecting an individual." *Lu v. Noem*, No. 25-CV-00390-MSN-DD, 2026 WL 1244546, at *5 (Mar. 2, 2026) (internal citation omitted). Accordingly, where the regulations safeguard against unconstitutional deprivations of liberty, they must be followed. *Santamaria Orellana*, 2025 WL 2841886, at *5. *See also Ceesay*, 781 F. Supp. 3d at 162; *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025). They were not. As a result, the Court concludes that Jovel's continued detention violates the *Accardi* doctrine and his right to due process.

It is this 2nd day of July 2026, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Petitioner Ribelino B. Barahona Jovel's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Count I (violation of the Fifth Amendment and due process) is **GRANTED**;

   b. Count II (violation of the Fourth Amendment) is **DENIED without prejudice**;

   c. Count III (violation of the Administrative Procedures Act) is **DENIED as MOOT**; and

   d. Any challenge related to third-country removal is premature.

2. Jovel's Motion for Temporary Restraining Order, at ECF No. 2, is **DENIED as MOOT;**

3. Respondents are **DIRECTED** to release Jovel on or before **July 7, 2026**, at 5:00 PM, under the same ICE supervision conditions (OSUP) in place prior to his June 12, 2026, detention;

4. The parties **SHALL** file a Joint Status Report by **July 8, 2026,** to confirm Jovel's release from detention;

5. Respondents are **ENJOINED** from re-detaining Jovel absent a showing that they have accorded him notice and an opportunity to be heard, and in compliance with 8 C.F.R. § 241.4(*l*) and related regulations, in advance of any detention;

6. If Respondents intend to re-detain Jovel, Respondents must first file a Status Report with the Court articulating the steps they will take to comply with 8 C.F.R. § 241.4(*l*), related regulations, and due process, consistent with this Order; and

7. The Court shall **RETAIN** jurisdiction of this matter to enforce compliance.

/s/
_____
Paula Xinis
United States District Judge

5